**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NEW SENSATIONS, INC., a California corporation,

    Plaintiff,

  v.

DOES 1–1745,

    Defendants.
                                     /

No. C 10-05863 WHA

**ORDER DENYING MOTIONS TO QUASH SUBPOENA, DISMISS FOR LACK OF PERSONAL JURISDICTION, REMOVE, AND SEVER FOR IMPERMISSIVE JOINDER, AND VACATING HEARING**

## INTRODUCTION

In this copyright-infringement action, *pro se* putative defendant Ronald Burr, Jr., moves to quash and/or vacate a subpoena, to dismiss for lack of personal jurisdiction, to "remove" the action to a different venue, and to sever for impermissive joinder. For the following reasons, the motions are **DENIED**.

## STATEMENT

Plaintiff New Sensations, Inc. is the exclusive owner of the copyrighted motion picture "The Office: A XXX Parody." Doe defendants allegedly have acted in concert to reproduce and distribute the motion picture without plaintiff's permission through BitTorrent, a peer-to-peer network. In doing so, plaintiff avers that Does have violated the Copyright Act of 1976, 17 U.S.C. 101 *et seq.* Plaintiff seeks to enjoin defendants from reproducing and distributing the motion picture, to destroy all illicit copies, and to recover monetary damages.

Plaintiff contracted Copyright Enforcement Group, LLC to inspect file-sharing networks for computers that were distributing substantial parts of plaintiff's copyrighted work. When CEG found such illicit distributions, it recorded the IP addresses used and the dates and times of the recordings (Opp. 5). Plaintiff sued the owners of the IP addresses as Does. In order to identify their names, plaintiff subpoenaed internet service providers, including Cavalier Telephone, to provide the identities behind those IP addresses. In May 2011, Cavalier Telephone complied with the subpoena and provided plaintiff with the identifying information corresponding to the found IP addresses. One of those IP addresses belonged to Ronald Burr, Jr. Plaintiff notified Burr of the pending case, but has yet to name Burr as a defendant (Siegel Decl. ¶¶ 2–3). Burr has since filed a motion for a protective order, which was denied on June 22 (Dkt. No. 19), as well as the instant motions to quash the subpoena, dismiss for lack of personal jurisdiction, "remove" the action, and sever for impermissible joinder.

**ANALYSIS**

**1. MOTION TO QUASH THE SUBPOENA.**

Pursuant to FRCP 45(c)(3), if the subpoena would cause undue burden to Burr, it must be quashed. The subpoena, however, did not require *any* obligation from Burr. Rather, it was directed at the putative defendants' ISPs. More importantly, Cavalier Telephone already complied with the subpoena in May 2011. As such, the motion is **DENIED AS MOOT**.

**2. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.**

This motion is premature. Although our circuit has yet to address this particular issue, Judge Howell of the D.C. Circuit has repeatedly held that in infringement actions, dismissal for lack of personal jurisdiction of unnamed defendants is premature. *See, e.g.*, *Call of the Wild Movie, LLC v. Smith*, No. 10-0455, 2011 WL 1807416, at *9 (D.D.C. May 12, 2011); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, WL 1807438, at *8 (D.D.C. May 12, 2011). His analysis makes sense.

Rule 12(b)(2) permits *defendants* to move to dismiss for lack of personal jurisdiction. Burr moves the court to dismiss the action against him for lack of personal jurisdiction. Yet, he is not yet a defendant. If and when plaintiff names him as a defendant, he will be able to raise this

2

defense. Currently, plaintiff has limited information about putative defendants. Once plaintiff amasses enough evidence and names the Does, it will then have the burden to present a prima facie case supporting personal jurisdiction over defendants. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). At that time, Burr may present his affidavit asserting that he has never engaged in business with plaintiff and that his activities with the forum state do not meet the requisite minimum contacts to establish personal jurisdiction. With evidence from both sides, jurisdiction will be decided on a full record. At this time, without any named defendants, the motion is not yet ripe. The motion is **DENIED WITHOUT PREJUDICE** and may be brought again once plaintiff names Burr as a defendant or when Burr has identified himself as a specific Doe.

### 3. MOTION TO "REMOVE."

If personal jurisdiction were found and the claim were not dismissed, Burr alternatively asks to "remove" the action to a "proper location." Yet, he does not specify what a "proper location" would be or why the action should be "removed." As personal jurisdiction has yet to be decided and as Burr provides no legal basis for removal, the motion to remove is **DENIED WITHOUT PREJUDICE**.

### 4. MOTION TO SEVER FOR IMPERMISSIVE JOINDER.

Burr moves to sever all defendants, or at least to sever the claims against him from the claims against the rest of the Does. The issue of joinder of unnamed Does has already been considered. Magistrate Judge James ordered that "joinder of all defendants at this stage of the litigation is proper. This decision is without prejudice to any motion for severance by a current Doe defendant who is later included in this action by his or her name" (Dkt. No. 8). As Burr is not yet named and might not be named as a defendant, this motion is premature and is **DENIED WITHOUT PREJUDICE**.

### CONCLUSION

For the above reasons, Burr's motions are denied. The motion to quash the subpoena is **DENIED AS MOOT**. The motions to dismiss for lack of personal jurisdiction, to remove, and to

3

sever are **DENIED WITHOUT PREJUDICE** and may be brought if and when Burr becomes a named defendant. The hearing scheduled for August 4, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 18, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE